Case 1:14-cv-00581-RDB   Document 1   Filed 02/27/14   Page 1 of 8

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 FEB 27 PM 2: 53

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

CV-  RDB 14 CV 0581

UNITED STATES DISTRICT COURT IN AND FOR
THE DISTRICT OF MARYLAND

---------------------------------------------------X

Fred Ivey,

           Plaintiff,

VS

Regional Acquisition Group, Inc.,

           Defendant.

---------------------------------------------------X

## VERIFIED COMPLAINT

COMES NOW Plaintiff Fred Ivey (hereinafter referred to as "Plaintiff"), by and through his attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against Defendant Regional Acquisition Group, Inc. (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in false, deceptive, misleading, or unfair collection practices, and respectfully sets forth, complains and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to

eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

The elements of an FDCPA claim are (1) the Plaintiff(s) is a consumer under 15 U.S.C. §1692a(3) or §1692c(d); (2) the debt at issue is a consumer debt under 15 U.S.C.§1692a(5); (3) the Defendant is a debt collector under 15 U.S.C. §1692a(6); and (4) that the Defendant has violated, through acts or omissions, some part of the FDCPA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

## PARTIES

3. Plaintiff is a natural person and a resident of the State of Maryland, Baltimore County.

4. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5. Upon information and belief, Defendant Regional Acquisition Group, Inc. ("Regional Acquisition") is a New York corporation conducting business from offices located at 5165 Broadway, 276 Depew, New York, 14043.

6. Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

7.  Defendant regularly collects or attempts to collect debts for other parties, and therefore, is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

8.  In or around January 2014, Defendant commenced collection activities in an attempt to collect an alleged debt (referred to hereinafter as the "Alleged Debt") from Plaintiff originating from a personal credit card.

9.  Upon information and belief, the nature of the Alleged Debt is the type of debt the FDCPA was designed to regulate.

10. On or about January 28, 2014, Defendant placed a telephone call to Plaintiff in an attempt to collect the Alleged Debt.

11. Defendant informed Plaintiff that it was calling regarding a court summons.

12. When Plaintiff asked for further information Plaintiff was connected to a manager who informed Plaintiff that he had been contacted in error because a summons had already been issued in Plaintiff's name.

13. Defendant further asserted that Plaintiff would be served at work.

14. At no point during said conversation did Defendant provide the required Mini-Miranda disclosures, that it was a debt collector and that the communication was an attempt to collect a debt.

15. On or about January 29, 2014, Plaintiff placed a telephone call to Defendant to clarify Defendant's address.

16. In said telephone conversation Defendant claimed that Plaintiff's account had been marked as uncollectable because Plaintiff had refused to pay the Alleged Debt.

17. At no point has Plaintiff ever refused to pay the Alleged Debt.

18. On or about January 30, 2014, Defendant placed a telephone call to Plaintiff at his place of employment which was answered by Plaintiff's manager.

19. In said telephone conversation Defendant informed Plaintiff's manager that Plaintiff owes a debt.

20. Upon information and belief, to date, Plaintiff has not received any written communication in the mail from Defendant.

21. As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to an award of statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FIRST CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e)

22. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's conduct violated 15 U.S.C. §1692e, in that Defendant made false, deceptive, and/or misleading representations to Plaintiff regarding the Alleged Debt.

24. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### SECOND CAUSE OF ACTION
### VIOLATION OF 15 U.S.C. § 1692e(11)

25. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "24" herein with the same force and effect as if the same were set forth at length herein.

26. Defendant's conduct violated 15 U.S.C. §1692e(11) in that Defendant failed to provide the required Mini-Miranda disclosures, that it was a debt collector and that the communication was an attempt to collect a debt when it called Plaintiff.

27. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### THIRD CAUSE OF ACTION
### VIOLATION OF 15 U.S.C. § 1692f

28. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's conduct violated 15 U.S.C. §1692f in that Defendant used unfair and unconscionable means in attempt to collect a debt by making threats and placing Plaintiff in a state of apprehension.

30. As a result of the Defendants' violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

### FOURTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692g(a))

31. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. Defendant's conduct violated 15 U.S.C. §1692g(a) in that Defendant failed to send a 30-day validation notice to Plaintiff containing the Plaintiff's rights to dispute the debt and request validation, within 5 days of initial communication.

33. Upon information and belief, to date, Defendant has not sent such a notice to Plaintiff.

34. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## FIFTH CAUSE OF ACTION
### (Violations of 15 U.S.C §1692e(5))

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "34" herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's conduct violated 15 U.S.C. §1692e(5), in that Defendants threatened to take action that cannot be legally taken or that is not intended to be taken when it threatened Plaintiff with a civil suit.

37. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## SIXTH CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692b(2))

38. Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered "1" through "37" above with the same force and effect, as if the same were set forth at length herein.

39. Defendant's conduct violated 15 U.S.C. §1692b(2) by failing to limit the subject of its conversation with Plaintiff's manager to Plaintiff's location information, and by stating to a third party that the consumer owes a debt.

40. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is therefore entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

41. Plaintiff respectfully requests a trial by jury for all claims and issues in this complaint.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Fred Ivey demands judgment against the Defendant Regional Acquisition Group. Inc.as follows:

A. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

B. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

C. For a declaration that the Defendant is subject to the requirements of the FDCPA and its practices, as alleged herein, violated the FDCPA; and,

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: Baltimore County, Maryland
February 25. 2014

Respectfully submitted,

By: /s/ B. Elizabeth Plank
#28268

Attorney for Plaintiff, Fed Bar #28268
Fredrick Schulman & Associates
30 East 29TH Street
New York, New York 10016
Telephone (212)796-6053
Fax (212) 951-7379
Email: info@fschulmanlaw.com

VERIFICATION[1]

STATE OF: Maryland

COUNTY OF: Baltimore

Fred Ivey, says:

[NAME]

I am the Plaintiff in the within action. I have read the within Plaintiff's Verified Complaint, and pursuant to 28 U.S.C.A. §1746 I declare under penalty of perjury that the foregoing is true and correct. Executed on 6/26/14.

[DATE]

Fred Ivey
[PRINT NAME]

_Fred Ivey_
[SIGNATURE]

---

[1] A Plaintiff's Complaint is successfully verified if he/she declares under penalty of perjury that the forgoing is true and correct. See *Hayes v. Garcia*, 461 F. Supp. 2d 1198, 1204 (S.D. Cal. 2006) aff'd, 293 F. App'x 447 (9th Cir. 2008) (stating that to verify a complaint, the plaintiff must swear or affirm that the facts in the complaint are true under the pains and penalties of perjury.; *Smiley v. Ponto*, CIV. 05-4094, 2007 WL 914025 (D.S.D. Mar. 23, 2007) (stating that a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint.).